NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOLORES MONZON-BARRIOS, | No.  15-72295 |
| Petitioner, | Agency No. A070-644-118 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2018[**]
Pasadena, California

Before: TASHIMA and WARDLAW, Circuit Judges, and PRATT,[***] District Judge.

Dolores Monzon-Barrios, a native and citizen of Guatemala, petitions for

review of the decision by the Board of Immigration Appeals (BIA) denying both

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

special rule cancellation of removal under § 203 of the Nicaraguan and Central American Relief Act of 1997 (NACARA), Pub. L. No. 105-100, 111 Stat. 2193, 2196, *amended by* Pub. L. 105-139, 111 Stat. 2644, and discretionary cancellation of removal for exceptional hardship under the Immigration and Nationality Act (INA), 8 U.S.C. § 1229b(b)(1). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review de novo questions of law and mixed questions of law and fact. *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013). We consider only the reasons the BIA relied on in affirming the immigration judge (IJ), "and then examine the reasoning articulated in the IJ's . . . decision in support of those reasons." *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014) (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)).

NACARA allows for special rule cancellation of removal when, among other requirements, a petitioner from a covered country, including Guatemala, can show that he was not apprehended at the time of his entry into the country after December 19, 1990. 8 C.F.R. § 1240.61(a)(1). The BIA affirmed denial of relief on the ground that Monzon-Barrios had not demonstrated that he was not apprehended at the time of his entry. "The burden of proof is on the applicant to establish by a preponderance of the evidence that he or she is eligible for . . . special rule cancellation of removal . . . ." 8 C.F.R. § 1240.64(a). Monzon-Barrios testified that he was caught by immigration officers in Arizona after returning to

2

the United States in 2001, but he did not specify where, when, or how. That testimony is equally consistent with both having been stopped at the border and having been stopped inside the country. Because Monzon-Barrios failed to meet his burden to show that he is eligible for special rule cancellation, including that he was not apprehended at the time of his entry into the country, the BIA correctly dismissed his appeal.

Monzon-Barrios also argues the BIA erred in finding he was ineligible for cancellation of removal under the INA, which allows for cancellation of removal that would result in exceptional and unusual hardship to a spouse, parent, or child who is a U.S. citizen or lawful permanent resident. *See* 8 U.S.C. § 1229b(b)(1). While we have jurisdiction to review a hardship determination for legal error, we lack jurisdiction to review a discretionary hardship determination, so any challenge to the substance of that decision necessarily fails. *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735 (9th Cir. 2012). Here, the BIA considered future hardships, as required, and did not commit legal error. *See Figueroa v. Mukasey*, 543 F.3d 487, 497-98 (9th Cir. 2008).

**DISMISSED IN PART; DENIED IN PART.**